UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>DARRIAN BUNCH, )<br>  )<br>  Defendant. ) | Case No. 1:16-cr-000227-TWP-TAB |

## ORDER DETERMINING COMPETENCY

On August 2, 2023, this matter was before the Court for an evidentiary hearing pursuant to provision of 18 U.S.C 4247(d) to determine whether Defendant Darrian Bunch ("Mr. Bunch") was competent to proceed with a hearing on allegations that he violated conditions of his supervised release. Mr. Bunch appeared in person, in custody, and by Indiana Federal Community Defender counsel Gwendolyn Beitz. The Government appeared by Kathryn Olivier, Assistant United States Attorney. Based upon the evidence submitted and argument of counsel, the Court makes the following findings of fact, conclusions of law, and order determining that Mr. Bunch is competent to proceed.

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 23, 2021, officers from the United States Probation Office petitioned the Court for action on Conditions of Supervised Release based upon allegations that Mr. Bunch had violated conditions of his supervised release. Mr. Bunch is on supervised release for being a felon in possession of a firearm. His supervised release began on December 18, 2019. Mr. Bunch and his counsel appeared for a supervised release violation hearing in which his counsel, without objection from the Government, moved for a mental examination under Title 18 U.S.C. § 4241(a)

on the basis that counsel has reasonable cause to believe that Mr. Bunch may presently be suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

The Court granted the motion, (Dkt. 87), and Mr. Bunch was designated to the Federal Detention Center in Englewood, Colorado ("FDC Englewood") for evaluation. In accordance with the Court's Order, Clinical Psychologist Jessica Micono, Psy.D., ABPP ("Dr. Micono") conducted a forensic evaluation and her report dated May 17, 2023 is docketed under seal (Dkt. 89). Dr. Micono's evaluation entailed a comprehensive review of all available documentation pertaining to Mr. Bunch and included several court documents, the presentence investigation report, investigative materials provided by the Government, and his Federal Bureau of Prisons electronic medical and mental health records.

Mr. Bunch arrived at FDC Englewood on March 23, 2023, and was evaluated by Dr. Micono and other medical and mental health staff from that date until April 27, 2023. The procedures utilized in the evaluation of Mr. Bunch included clinical interviews, observation of his behavior at the facility, a legally focused interview using the Revised Competency Assessment Instrument, and the Minnesota Multiphasic Personality Inventory testing. (Dkt. 89 at 1). Diagnoses of bipolar disorder and schizophrenia were considered due to Mr. Bunch's self-report and information provided by collateral sources. *Id*. at 4. Such diagnoses were not assigned, however, as Mr. Bunch displayed no indicators of, nor reported sufficient symptoms to meet criteria for these diagnoses. *Id*. Dr. Micono opined that Mr. Bunch's diagnosis is complicated based on testing results, his history of substance abuse and recent mental health manifestations. *Id*.

at 7.  Based on criteria outlined in the Diagnostic and Statistical Manual of Disorders, Fifth Edition, she diagnosed Mr. Bunch with –

> Substance/Medication-Induced Psychotic Disorder, by history
> Synthetic Cannabinoid Use Disorder, Moderate, in a Controlled Environment
> Cannabis Use Disorder, Moderate, in a Controlled Environment

*Id*. at 7.  Dr. Micono concluded that Mr. Bunch displayed a sufficient factual and rational understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  *Id*. at 10.  Importantly, Mr. Bunch "displayed no difficulty in understanding the roles of various courtroom personnel or the nature and potential consequences of the legal proceedings, and he possessed a rational understanding of the charges against him".  *Id*.  Therefore, based on the available information, it was the opinion of Dr. Micono that Mr. Bunch is not currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense.  *Id*. at 11.  It was Dr. Micono's opinion that Mr. Bunch is presently competent to proceed.  *Id*.

The standard for competence to stand trial [or proceed with an evidentiary hearing] is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).  The relevant factors to be considered in assessing the issue of competency are a defendant's "irrational behavior, his demeanor at trial and any prior medical opinion on competence to stand trial.  There must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency." *Matheney v. Anderson,* 60 F. Supp. 2d 846 (N.D. Ind., 1999), aff'd and remanded, 253 F.3d 1025 (7th Cir. 2001).  In addition, the fact that a

3

person suffers from a mental illness does not mean that he is incompetent to stand trial. *Drope v. Missouri*, 420 U.S. 162, 171–72, (1975); *Price v. Thurmer,* 637 F.3d 831, 833-34 (7th Cir. 2011). He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal. The testimony of defendant's counsel may be especially valuable in a competency determination because counsel is the *best witness* of a defendant's ability to consult with a reasonable degree of understanding. *U.S. ex rel. Mireles v. Greer*, 736 F.2d 1160, 1165–66 (7th Cir. 1984).

Mr. Bunch testified at the hearing and affirmed that he was appropriately medicated and his medication made him feel better; he understood the nature and consequences of the proceedings, the roles of the parties and is able to assist properly in his defense. Government's counsel, Ms. Olivier, and Ms. Beitz, counsel for Mr. Bunch, stated their positions and each agree with the opinion of Dr. Micono that Mr. Bunch is presently competent.[1] Consistent with the opinion of Dr. Micono and the position of both counsel, the Court determines that Mr. Bunch sufficiently has *present* ability to consult with his counsel with a reasonable degree of rationale as well as functional understanding of these proceedings, despite his mental health conditions.

## II. ORDER

Based upon the foregoing evidence and in accordance with 18 U.S.C. § 4241(d), the Court determines by a preponderance of the evidence that Mr. Bunch is presently mentally competent to proceed. Mr. Bunch is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

---

[1] The Government attorney filed a Notice to the Court Regarding Defendant's Competency in which she states that "[n]either counsel has any objections to the findings of the report and neither party intends to contest the report at the hearing…". (Dkt. 90.)

proceedings against him, or to assist properly in his defense. The hearing on the U.S. Probation Office's Petition for Summons/Violation of Supervised Release (Dkt. 72) may proceed.

    **SO ORDERED.**

Date: 8/3/2023

                                                                    Hon. Tanya Walton Pratt, Chief Judge
DISTRIBUTION:                                       United States District Court
                                                                      Southern District of Indiana

Gwendolyn Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
gwendolyn_bietz@fd.org

Katheryn Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov